1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY HLAVAJ, on behalf of himself and all others similarly situated, | Case No. 5:16-cv-00232-BRO-SP |
| Plaintiff, | Assigned to Hon. Sheri Pym for Purposes of Discovery |
| v. | **STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF AND DEFENDANT** |
| LG ELECTRONICS ALABAMA, INC., an Alabama corporation; and DOES 1-50, inclusive, | **DISCOVERY MATTER** |
| Defendants. | Complaint Filed: October 28, 2015 |
| | Notice of Removal Filed: February 5, 2016 |

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the Court's approval, that the following Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents or things produced or exchanged in this matter.  To protect confidential information in this litigation, the parties, by and through their respective undersigned counsel and subject to the Court's approval, agree as follows:

1.      A.      <u>PURPOSES AND LIMITATIONS</u>

This action will likely require the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter this Order.  The parties acknowledge that this Order does not confer blanket protections on all productions, disclosures, or discovery responses and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.      <u>GOOD CAUSE STATEMENT</u>

Given the scope and nature of plaintiff's allegations, the parties are likely to exchange confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Such materials and information consist of,

STIPULATED PROTECTIVE ORDER

among other things, employment records such as personnel files, pay stubs, tax and other identifying information (all of which implicates privacy rights of third parties), as well as defendant's confidential business and financial information, information regarding defendant's confidential business practices, and information that is generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of such materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in this Action, to address the handling of such material at the end of the litigation, and to serve the ends of justice, a protective order is justified in this Action.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action:</u> *Hlavaj v. LG Electronics Alabama, Inc.*, United States District Court for the Central District of California Case No. 5:16-cv-00232-BRO-SP.

2.2    <u>"ATTORNEYS' EYES ONLY" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and the disclosure of which is likely to harm

PROTECTIVE ORDER

the Producing Party's competitive position.  Such information includes trade secrets and other highly confidential business and financial information.

2.3    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party: a Party or Non-Party that designates information or items that it produces for use in settlement discussions, in disclosures, or in discovery responses as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10   Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and who have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including the law firm's support staff.

2.11   Party: any party to this Action.  For purposes of production and designation of Production Material under this Protective Order, a Party includes all

PROTECTIVE ORDER

of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their respective support staffs).

2.12  <u>Producing Party:</u> a Party or Non-Party that produces Production Material in this Action.

2.13  <u>Production Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated for use in settlement discussions, in disclosures, or in discovery responses in this Action.

2.14  <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material:</u> any Production Material that is designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

2.16  <u>Receiving Party:</u> a Party that receives Production Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

PROTECTIVE ORDER

4.     <u>DURATION</u>

Even after final disposition of this litigation, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

PROTECTIVE ORDER

5.2     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Production Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," as applicable, to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed either "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," as applicable.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)     for testimony given in depositions, that the Designating Party identifies the Production Material and all protected testimony on the record, or in a

(c)     subsequent writing delivered to all Parties within three (3) days of the Designating Party's receipt of the official deposition transcript.

(d)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on

PROTECTIVE ORDER

the exterior of the container or containers in which the information is stored the legend "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," as applicable.

     5.3   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1   <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     6.2   <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq.

     6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

     7.1   <u>Basic Principles.</u>  A Receiving Party may use "CONFIDENTIAL" Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle

this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

A Receiving Party's Outside Counsel of Record (and their support staff) may use "ATTORNEYS' EYES ONLY" Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such "ATTORNEYS' EYES ONLY" Information may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

PROTECTIVE ORDER

(f)     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     deponents, and their attorneys, in the Action to whom disclosure is reasonably necessary provided that: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed to by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or deposition exhibits that reveal "CONFIDENTIAL" Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)     any mediator or settlement officer, and their supporting personnel, that the parties engage to facilitate settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party's Outside Counsel of Record may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)     employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose such information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters and their staff;

(e)     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     deponents, and their attorneys, in the Action to whom disclosure is reasonably necessary provided that: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) they will not be permitted to keep any such information unless otherwise agreed to by the Designating Party or ordered by the Court, and (3) all persons who are not otherwise permitted by this Order to view the information are not present for the relevant portion of the deponent's testimony.  Pages of transcribed deposition testimony or deposition exhibits that reveal "ATTORNEYS' EYES ONLY" information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(h)     any mediator or settlement officer, and their supporting personnel, that the parties engage to facilitate settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)     cooperate with all reasonable procedures that the Designating Party pursues to protect the confidentiality of its Protected Material.

(d)     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as either "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as either "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

PROTECTIVE ORDER

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) ask such person(s) to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

PROTECTIVE ORDER

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in section 4 of this Order, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any Protected Material. Notwithstanding this provision, all Outside Counsel of Record in this Action are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14. <u>VIOLATIONS OF ORDER</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED AND AGREED.**

[SIGNATURES ON FOLLOWING PAGE]

- 14 -                    PROTECTIVE ORDER

Dated:  May 23, 2016                    HOGAN LOVELLS US LLP


                                        By: /s/ Robin J. Samuel
                                            Robin J. Samuel


                                            *Attorneys for Defendant*
                                            *LG Electronics Alabama, Inc.*


Dated:  May 23, 2016                    LAW OFFICES OF LOUIS BENOWITZ


                                        By: /s/ Louis Benowitz
                                            Louis Benowitz (SBN 262300)
                                            9454 Wilshire Boulevard, Penthouse
                                            Beverly Hills, California 90212
                                            Telephone:  (310) 844-5141
                                            Facsimile:  (310) 492-4056
                                            louis@benowitzlaw.com


                                            *Attorneys for Plaintiff Andy Hlavaj*


Dated:  May 23, 2016                    LAW OFFICES OF DAVID POURATI,
                                        A PROFESSIONAL CORPORATION


                                        By: /s/ David Pourati
                                            David Pourati (SBN 259245)
                                            12400 Wilshire Boulevard, Suite 920
                                            Los Angeles, California 90025
                                            Telephone:  (310) 494-7903
                                            Facsimile:  (310) 494-7901
                                            david@pourati.com


                                            *Attorneys for Plaintiff Andy Hlavaj*


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: May 25, 2016
                                        _____
                                        The Honorable Sheri Pym
                                        United States Magistrate Judge

- 15 -                    PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Attestation</u>

Pursuant to Central District of California Local Rule 5-4.3.4, I hereby attest that all other signatories listed herein, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: <u>/s/ Robin J. Samuel</u>

PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____

_____ [complete address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California in the case of ***Hlavaj v. LG Electronics Alabama,***

***Inc.*, Case No. 5:16-cv-00232-BRO-SP**.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [full name]

of _____

[complete address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

PROTECTIVE ORDER